UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Grand Jury N-04-3

FILED

2005 JAN 20  P 4: 06

U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v | : | Crim No.  3:04CR21(SRU) |
| PATRICIA CLARKE and | : | VIOLATIONS |
| JAMES CLARKE | | 18 U.S.C.  1349 |
| | : | (Conspiracy to commit wire fraud and mail fraud) |
| | | 18 U.S.C. § 1341 |
| | | (Mail Fraud) |
| | | 18 U.S.C. § 1343 |
| | | (Wire Fraud) |
| | | 18 U.S.C. § 2 |
| | | (Aiding & Abetting) |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE
### (Conspiracy to Commit Mail Fraud and Wire Fraud)

#### General Allegations:

At all times material to this indictment:

1.    The defendant, PATRICIA CLARKE was employed as a distribution clerk by the U.S. Postal Service at the Southern Connecticut Processing and Distribution Center, in Wallingford Connecticut.   At all times relevant to this Indictment, PATRICIA CLARKE, was married to defendant JAMES CLARKE.

2.    The defendant, JAMES CLARKE is employed by the U.S. Postal Service at the Southern Connecticut Processing and Distribution Center, in Wallingford Connecticut

## The Conspiracy

3.      Commencing in or about 1999, the exact date unknown to the Grand Jury, and continuing through and until the date of this Superseding Indictment, PATRICIA CLARKE and JAMES CLARKE, the defendants herein, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together, and with each other, to commit offenses against the United States, that is, to defraud the Social Security Administration ("SSA") and the Office of Personnel Management ("OPM") in violation of Title 18 United States Code, Sections 1341 and 1343.

## Objects of the Conspiracy

4.      It was a part and an object of the conspiracy that PATRICIA CLARKE, assisted by JAMES CLARKE, unlawfully, willfully, and knowingly would and did obtain money and property from the United States by means of false and fraudulent pretenses and representations.

5.      It was part and an object of the conspiracy that PATRICIA CLARKE applied for, and did in fact obtain money by means of false and fraudulent pretenses, representations and promises from the United States of America through the SSA and OPM, both agencies of the United States of America, by inducing those agencies to grant her disability retirement benefits totaling approximately $85,927.00, well knowing at the time that the pretenses, representations and promises would be and were false when made.

6.      It was and is further a part of and an object of the conspiracy to obtain money by means of false and fraudulent pretenses, representations and promises that although PATRICIA CLARKE was not and is not sufficiently disabled to qualify her for disability benefits from SSA or OPM she would and did obtain such benefits, paid by agencies of the United States of America, and would and did have said benefits deposited by electronic transfer directly into her bank account in Waterbury,

Connecticut or by mail to her residence in Wallingford, Connecticut.

      7.   It was and is further a part of the conspiracy that JAMES CLARKE assisted PATRICIA CLARKE in falsely obtaining disability retirement benefits by, among other things, testifying at a hearing in support of her OPM disability retirement benefits.

### Overt Acts

      8.   In furtherance of the conspiracy, and to effect its illegal objects, PATRICIA CLARKE and JAMES CLARKE, committed or caused the commission of the following overt acts, among others, in the District of Connecticut and elsewhere:

      a.   In or about April 1999, defendant PATRICIA CLARKE, applied for disability payments from SSA, an agency of the United States of America.  In her application, defendant PATRICIA CLARKE made false and misleading statements about her physical condition and acknowledged that defendant JAMES CLARKE knew about her condition and could help verify her claims.

      b.   On April 5, 1999, PATRICIA CLARKE,  signed and filed with SSA an Application for Disability Insurance Benefits, in which she falsely and fraudulently stated and represented that she has been unable to work since September 11, 1996 because of a disabling condition and that she was still disabled as of the date of the application.

      c.   On April 22, 1999, the defendant, PATRICIA CLARKE, did complete and sign an information questionnaire for the State of Connecticut Bureau of Rehabilitation Services Disability Determination Services, a State of Connecticut agency which by contract with the SSA evaluated disability claims submitted to the SSA, in which questionnaire she falsely and fraudulently stated that as a result of physical injuries and various medical conditions she could only perform limited reaching, repetitive lifting, and grasping activities.

d.   Based on her fraudulent representations to SSA, PATRICIA CLARKE, would and did cause the issuance and delivery of Social Security Disability benefits to herself for the following time periods in the following manner:

| METHOD | DATE | AMOUNT |
|---|---|---|
| Direct Deposit | 8/2000 | $1087.00 |
| Direct Deposit | 9/2000 | $1087.00 |
| Direct Deposit | 10/2000 | $1087.00 |
| Direct Deposit | 11/2000 | $1087.00 |
| Direct Deposit | 12/2000 | $1087.00 |
| Direct Deposit | 1/2001 | $1125.00 |
| Direct Deposit | 2/2001 | $1125.00 |
| Direct Deposit | 3/2001 | $1125.00 |
| Direct Deposit | 4/2001 | $1125.00 |
| Direct Deposit | 5/2001 | $1125.00 |
| Direct Deposit | 6/2001 | $1125.00 |
| Direct Deposit | 7/2001 | $1125.00 |
| Direct Deposit | 8/2001 | $1126.00 |
| Direct Deposit | 9/2001 | $1126.00 |
| Direct Deposit | 10/2001 | $1126.00 |
| Direct Deposit | 11/2001 | $1126.00 |
| Direct Deposit | 12/2001 | $1126.00 |
| Direct Deposit | 1/2002 | $1155.00 |
| Direct Deposit | 2/2002 | $1155.00 |
| Direct Deposit | 3/2002 | $1155.00 |
| Direct Deposit | 4/2002 | $1155.00 |
| Direct Deposit | 5/2002 | $1155.00 |

| Direct Deposit | 6/2002 | $1155.00 |
|---|---|---|
| Direct Deposit | 7/2002 | $1155.00 |
| Direct Deposit | 8/2002 | $1155.00 |
| Direct Deposit | 9/2002 | $1155.00 |
| Direct Deposit | 10/2002 | $1155.00 |
| Direct Deposit | 11/2002 | $1155.00 |
| Direct Deposit | 12/2002 | $1155.00 |
| Direct Deposit | 1/2003 | $1171.00 |
| Direct Deposit | 2/2003 | $1171.00 |
| Direct Deposit | 3/2003 | $1171.00 |
| Direct Deposit | 4/2003 | $1171.00 |
| Direct Deposit | 5/2003 | $1171.00 |
| Direct Deposit | 6/2003 | $1171.00 |
| Direct Deposit | 7/2003 | $1171.00 |
| Direct Deposit | 8/2003 | $1171.00 |
| Direct Deposit | 9/2003 | $1171.00 |
| Direct Deposit | 10/2003 | $1171.00 |
| Direct Deposit | 11/2003 | $1171.00 |
| Direct Deposit | 12/2003 | $1171.00 |
| Direct Deposit | 1/2004 | $1196.00 |
| Direct Deposit | 2/2004 | $1196.00 |
| Direct Deposit | 3/2004 | $1196.00 |
| Direct Deposit | 4/2004 | $1196.00 |
| Direct Deposit | 5/2004 | $1196.00 |
| Direct Deposit | 6/2004 | $1196.00 |
| Direct Deposit | 7/2004 | $1196.00 |
| Direct Deposit | 8/2004 | $1196.00 |

| Direct Deposit | 9/2004 | $1196.00 |
| Direct Deposit | 10/2004 | $1196.00 |
| Direct Deposit | 11/2004 | $1196.00 |
| Direct Deposit | 12/2004 | $1196.00<br><br>Total: $61,204.00 |

    e.  In or about September 1999, the defendant, PATRICIA CLARKE, applied for disability retirement benefits with the United States Postal Service.

    f.  PATRICIA CLARKE, would and did sign and file with the United States Postal Service form SF 3107, Application for Immediate Retirement; Standard Form 3112A, Applicant's Statement of Disability, in which she falsely and fraudulently stated and represented that she could not perform reaching, grasping or repetitive movements of upper extremities; and form 1199-207 requesting that her disability retirement benefits be paid by direct deposit to her bank account at Webster Bank in Waterbury, Connecticut.

    g.  Based on her fraudulent representations to OPM, the defendant, PATRICIA CLARKE, would and did receive OPM disability retirement benefits for the following time periods in the following manner:

| METHOD | DATE | AMOUNT |
| --- | --- | --- |
| Mail | August 1, 2000 | $462.00 |
| Mail | September 1, 2000 | $462.00 |
| Mail | October 1, 2000 | $462.00 |
| Mail | November 1, 2000 | $462.00 |
| Mail | December 1, 2000 | $474.00 |
| Mail | January 2, 2001 | $474.00 |

6

| Mail | February 1, 2001 | $474.00 |
|---|---|---|
| Mail | March 1, 2001 | $474.00 |
| Mail | April 1, 2001 | $474.00 |
| Mail | May 1, 2001 | $474.00 |
| Mail | June 1, 2001 | $474.00 |
| Mail | July 1, 2001 | $474.00 |
| Mail | August 1, 2001 | $474.00 |
| Mail | September 1, 2001 | $474.00 |
| Mail | October 1, 2001 | $474.00 |
| Mail | November 1, 2001 | $474.00 |
| Mail | December 1, 2001 | $483.00 |
| Mail | January 2, 2002 | $483.00 |
| Mail | February 2, 2002 | $483.00 |
| Mail | March 1, 2002 | $483.00 |
| Mail | April 1, 2002 | $483.00 |
| Direct Deposit | June 1, 2002 | $483.00 |
| Direct Deposit | July 1, 2002 | $483.00 |
| Direct Deposit | August 1, 2002 | $483.00 |
| Direct Deposit | September 2, 2002 | $483.00 |
| Direct Deposit | October 1, 2002 | $483.00 |
| Direct Deposit | November 1, 2002 | $483.00 |
| Direct Deposit | December 1, 2002 | $483.00 |
| Direct Deposit | January 2, 2003 | $490.00 |
| Direct Deposit | February 1, 2003 | $490.00 |
| Direct Deposit | March 1, 2003 | $490.00 |
| Direct Deposit | April 1, 2003 | $490.00 |
| Direct Deposit | May 1, 2003 | $490.00 |

7

| Direct Deposit | June 1, 2003 | $490.00 |
|---|---|---|
| Direct Deposit | July 1, 2003 | $490.00 |
| Direct Deposit | August 1, 2003 | $490.00 |
| Direct Deposit | September 1, 2003 | $490.00 |
| Direct Deposit | October 1, 2003 | $490.00 |
| Direct Deposit | November 1, 2003 | $490.00 |
| Direct Deposit | December 1, 2003 | $490.00 |
| Direct Deposit | January 2, 2004 | $501.00 |
| Direct Deposit | February 1, 2004 | $501.00 |
| Direct Deposit | March 1, 2004 | $501.00 |
| Direct Deposit | April 1, 2004 | $501.00 |
| Direct Deposit | May 1, 2004 | $501.00 |
| Direct Deposit | June 1, 2004 | $501.00 |
| Direct Deposit | July 1, 2004 | $501.00 |
| Direct Deposit | August 1, 2004 | $501.00 |
| Direct Deposit | September 1, 2004 | $501.00 |
| Direct Deposit | October 1, 2004 | $501.00 |
| Direct Deposit | November 1, 2004 | $501.00<br><br>Total: 24,723.00 |

h.     Based on fraudulent representations made by PATRICIA CLARKE and JAMES CLARKE to OPM and SSA, these two agencies separately caused disability benefits totaling approximately $85,927.00 to be paid to PATRICIA CLARKE.

i.     PATRICIA CLARKE, would and did make false, misleading and fraudulent representations about her medical condition to SSA and OPM and would and did conceal and hide her physical condition from various physicians who sent numerous letters and other documentation

8

to the SSA and OPM which exaggerated and distorted the existence and effect of various physical disabilities that PATRICIA CLARKE claimed to be suffering from, including, but not limited to, a physician's letter to OPM on September 15, 1999 in which the physician stated that he felt that PATRICIA CLARKE was totally disabled from work at that time.

j.   In or about July 2001, PATRICIA CLARKE made false and misleading statements about her physical condition and abilities at a hearing in support of her OPM disability retirement benefits.

k.   Defendant JAMES CLARKE supported PATRICIA CLARKE's disability applications by, among other things, making false and misleading statements about PATRICIA CLARKE'S physical condition and abilities at a hearing in support of her OPM disability retirement benefits.

l.   Contrary to her representations to SSA and OPM, PATRICIA CLARKE could perform reaching and grasping activities and failed to represent to SSA and OPM her ability to engage in these activities.

All in violation of Title 18, United States Code, Section 1349.

### Count Two to Three
### (Wire Fraud - SSA Benefits)

### Count Two

9.   The factual allegations set forth in Paragraphs 1 and 2 and 4 through 8 are repeated and re-alleged as if set forth fully herein.

10.   Between in or about August 2000 and continuing to the present, in the District of Connecticut and elsewhere, PATRICIA CLARKE, a defendant herein, aided and abetted by JAMES CLARKE, a defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting so to do, did cause to be transmitted the following disability benefits in

9

interstate commerce by means of wire communications, that is wire transfers of social security disability funds, from Philadelphia, Pennsylvania to Waterbury, Connecticut.

| METHOD | DATE | AMOUNT |
|---|---|---|
| Direct Deposit | 8/2000 | $1087.00 |
| Direct Deposit | 9/2000 | $1087.00 |
| Direct Deposit | 10/2000 | $1087.00 |
| Direct Deposit | 11/2000 | $1087.00 |
| Direct Deposit | 12/2000 | $1087.00 |
| Direct Deposit | 1/2001 | $1125.00 |
| Direct Deposit | 2/2001 | $1125.00 |
| Direct Deposit | 3/2001 | $1125.00 |
| Direct Deposit | 4/2001 | $1125.00 |
| Direct Deposit | 5/2001 | $1125.00 |
| Direct Deposit | 6/2001 | $1125.00 |
| Direct Deposit | 7/2001 | $1125.00 |
| Direct Deposit | 8/2001 | $1126.00 |
| Direct Deposit | 9/2001 | $1126.00 |
| Direct Deposit | 10/2001 | $1126.00 |
| Direct Deposit | 11/2001 | $1126.00 |
| Direct Deposit | 12/2001 | $1126.00 |
| Direct Deposit | 1/2002 | $1155.00 |
| Direct Deposit | 2/2002 | $1155.00 |
| Direct Deposit | 3/2002 | $1155.00 |
| Direct Deposit | 4/2002 | $1155.00 |
| Direct Deposit | 5/2002 | $1155.00 |
| Direct Deposit | 6/2002 | $1155.00 |

10

| Direct Deposit | 7/2002 | $1155.00 |
|---|---|---|
| Direct Deposit | 8/2002 | $1155.00 |
| Direct Deposit | 9/2002 | $1155.00 |
| Direct Deposit | 10/2002 | $1155.00 |
| Direct Deposit | 11/2002 | $1155.00 |
| Direct Deposit | 12/2002 | $1155.00 |
| Direct Deposit | 1/2003 | $1171.00 |
| Direct Deposit | 2/2003 | $1171.00 |
| Direct Deposit | 3/2003 | $1171.00 |
| Direct Deposit | 4/2003 | $1171.00 |
| Direct Deposit | 5/2003 | $1171.00 |
| Direct Deposit | 6/2003 | $1171.00 |
| Direct Deposit | 7/2003 | $1171.00 |
| Direct Deposit | 8/2003 | $1171.00 |
| Direct Deposit | 9/2003 | $1171.00 |
| Direct Deposit | 10/2003 | $1171.00 |
| Direct Deposit | 11/2003 | $1171.00 |
| Direct Deposit | 12/2003 | $1171.00 |
| Direct Deposit | 1/2004 | $1196.00 |
| Direct Deposit | 2/2004 | $1196.00 |
| Direct Deposit | 3/2004 | $1196.00 |
| Direct Deposit | 4/2004 | $1196.00 |
| Direct Deposit | 5/2004 | $1196.00 |
| Direct Deposit | 6/2004 | $1196.00 |
| Direct Deposit | 7/2004 | $1196.00 |
| Direct Deposit | 8/2004 | $1196.00 |
| Direct Deposit | 9/2004 | $1196.00 |

11

| Direct Deposit | 10/2004 | $1196.00 |
|---|---|---|
| Direct Deposit | 11/2004 | $1196.00 |
| Direct Deposit | 12/2004 | $1196.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count Three
(Wire Fraud - OPM Benefits)

11.    The factual allegations set forth in Paragraphs 1 and 2 and 4 through 8 are repeated and re-alleged as if set forth fully herein.

12.    Between in or about August 2000 and continuing through and until to the present, in the District of Connecticut and elsewhere, PATRICIA CLARKE, a defendant herein, aided and abetted by JAMES CLARKE, a defendants herein, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting so to do, did cause to be transmitted the following disability benefits in interstate commerce by means of wire communications, that is wire transfers of OPM retirement disability funds, to Waterbury, Connecticut.

| Direct Deposit | June 1, 2002 | $483.00 |
|---|---|---|
| Direct Deposit | July 1, 2002 | $483.00 |
| Direct Deposit | August 1, 2002 | $483.00 |
| Direct Deposit | September 2, 2002 | $483.00 |
| Direct Deposit | October 1, 2002 | $483.00 |
| Direct Deposit | November 1, 2002 | $483.00 |
| Direct Deposit | December 1, 2002 | $483.00 |
| Direct Deposit | January 2, 2003 | $490.00 |
| Direct Deposit | February 1, 2003 | $490.00 |
| Direct Deposit | March 1, 2003 | $490.00 |

12

| Direct Deposit | April 1, 2003 | $490.00 |
|---|---|---|
| Direct Deposit | May 1, 2003 | $490.00 |
| Direct Deposit | June 1, 2003 | $490.00 |
| Direct Deposit | July 1, 2003 | $490.00 |
| Direct Deposit | August 1, 2003 | $490.00 |
| Direct Deposit | September 1, 2003 | $490.00 |
| Direct Deposit | October 1, 2003 | $490.00 |
| Direct Deposit | November 1, 2003 | $490.00 |
| Direct Deposit | December 1, 2003 | $490.00 |
| Direct Deposit | January 2, 2004 | $501.00 |
| Direct Deposit | February 1, 2004 | $501.00 |
| Direct Deposit | March 1, 2004 | $501.00 |
| Direct Deposit | April 1, 2004 | $501.00 |
| Direct Deposit | May 1, 2004 | $501.00 |
| Direct Deposit | June 1, 2004 | $501.00 |
| Direct Deposit | July 1, 2004 | $501.00 |
| Direct Deposit | August 1, 2004 | $501.00 |
| Direct Deposit | September 1, 2004 | $501.00 |
| Direct Deposit | October 1, 2004 | $501.00 |
| Direct Deposit | November 1, 2004 | $501.00<br><br>Total: 24,723.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count Four
### (Mail Fraud - OPM Benefits)

13.    The factual allegations set forth in Paragraphs 1 and 2 and 4 through 8 are repeated and re-alleged as if set forth fully herein.

14.    Between in or about August 2000 until May 31, 2002, in the District of Connecticut and elsewhere, PATRICIA CLARKE, a defendant herein, aided and abetted by JAMES CLARKE, a defendant herein, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth herein, did knowingly cause to be delivered by mail the following disability benefits, addressed to Patricia Clarke, 24 Mapleview Rd, Walingford, CT 06492, which envelopes contained OPM retirement disability checks payable to Patricia Clarke, from Oakland, California to Wallingford, Connecticut.

| METHOD | DATE | AMOUNT |
|--------|------|--------|
| Mail | August 1, 2000 | $462.00 |
| Mail | September 1, 2000 | $462.00 |
| Mail | October 1, 2000 | $462.00 |
| Mail | November 1, 2000 | $462.00 |
| Mail | December 1, 2000 | $474.00 |
| Mail | January 2, 2001 | $474.00 |
| Mail | February 1, 2001 | $474.00 |
| Mail | March 1, 2001 | $474.00 |
| Mail | April 1, 2001 | $474.00 |
| Mail | May 1, 2001 | $474.00 |
| Mail | June 1, 2001 | $474.00 |
| Mail | July 1, 2001 | $474.00 |

14

| Mail | August 1, 2001 | $474.00 |
| Mail | September 1, 2001 | $474.00 |
| Mail | October 1, 2001 | $474.00 |
| Mail | November 1, 2001 | $474.00 |
| Mail | December 1, 2001 | $483.00 |
| Mail | January 2, 2002 | $483.00 |
| Mail | February 2, 2002 | $483.00 |
| Mail | March 1, 2002 | $483.00 |
| Mail | April 1, 2002 | $483.00 |

All in violation of Title 18, United States Code, Sections 1341 and 2.


## FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. 981(a)
### (Mail & Wire Fraud)

Upon conviction of one or more of the mail and wire fraud offenses alleged in Counts 2-4 of this Superseding Indictment, defendant PATRICIA CLARKE shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 & 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

15

incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

_____
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
PETER S. JONGBLOED
SUPERVISORY ASSISTANT U.S. ATTORNEY

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

16