UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICIA CLARKE and<br>JAMES CLARKE | Case No. 3:04cr21 (SRU) |

**MEMORANDUM OF DECISION**

Patricia Clarke and James Clarke were indicted for conspiracy to commit mail and wire fraud. Patricia Clarke was also charged with two counts of wire fraud and one count of mail fraud. James Clarke was charged with aiding and abetting his wife's commission of those substantive offenses. The charges stem from Patricia Clarke's application for and receipt of disability benefits from the Social Security Administration and the Office of Personnel Management.

At trial, both the government and the defendants sought to introduce into evidence videotapes that I excluded as irrelevant under Rules 401 and 402 or – to the extent certain portions were relevant – as cumulative or a waste of time under Rule 403. Fed. R. Evid. 401, 402 & 403. No party had objected to the admission of the videotapes, and defense counsel questioned the court's authority to exclude the evidence *sua sponte*. Thus, I write to clarify and elaborate my ruling and to set forth case law in support of the court's inherent authority to exclude irrelevant or otherwise inadmissible evidence despite a failure of either side to object to its admission. *See* Fed. R. Evid. 103(b).

**I.      Background**

For approximately eight months, beginning in August 2004, investigators for the United States Postal Service conducted video surveillance of Patricia Clarke engaging in various

activities outside her house, activities that the government argued at trial belied her claim of total disability. The surveillance, conducted from within a neighbor's house, resulted in thirty to seventy hours of video footage.[1]

Prior to trial, Patricia Clarke moved to suppress the videotapes. She appeared to argue that the surveillance constituted an unreasonable search in violation of the Fourth Amendment. I held that the surveillance did not constitute a "search" within the meaning of the Fourth Amendment and denied her motion to suppress the videotapes. *See* Memorandum of Decision, doc. # 74 (July 19, 2005).

During the final pre-trial conference, the government asserted its intention to introduce into evidence the videotape footage in its entirety. The government proposed introducing all of the videotapes as evidence while only playing for the jury a selection of excerpts. The government intended to play the excerpts during the trial and suggested that the court instruct the jury that if they wished to view any other portions of the footage during deliberations, we would reconvene in the courtroom to view the footage in the presence of all parties.

In response to the government's suggestion, I expressed concern about presenting the jury with evidence – in the form of scores of hours of videotape – knowing that they would likely not consider it. In fact, if the jury returned a verdict in two, five, or fifteen hours, even if they had access to the videotapes in the jury room, we would know that the jury failed to consider all of the evidence, *i.e.*, they failed to watch the thirty to seventy hours of surveillance footage that had

---

[1] The parties discussed but were unable to stipulate to the number of hours of actual footage. Initially, the parties argued that there were between thirty and forty hours of footage. Later, based on a log detailing the use of the video camera, the defendants claimed that there were approximately seventy hours of footage. For purposes of this discussion, the difference is immaterial.

been admitted as evidence.

During trial, the government sought to introduce only the excerpted portions of the video footage. The defendants objected, arguing that the videotapes should be admitted in their entirety or not at all. They argued that absent the complete context the jury would be misled with respect to Patricia Clarke's abilities or lack thereof. I overruled the objection and admitted the excerpts into evidence.

During cross-examination of an investigator involved in the surveillance, Patricia Clarke sought to introduce and play for the jury the videotapes in their entirety, again arguing that without viewing the lengthy, unedited footage, the jury would be mislead with respect to the extent of the defendant's abilities or disabilities.

The government did not object to the admission of the tapes in their entirety and asserted its position that the videotapes were admissible. Nevertheless, I excluded the video footage under Rules 401, 402, and 403. First, extensive portions of the videotapes, including footage of the Clarkes' house and yard and footage of Patricia Clarke at rest, were not relevant to any issue in the case, and thus, not admissible. Fed. R. Evid. 401 & 402. Second, to the extent that some of the footage was relevant, playing the videotapes in their entirety was both cumulative and a waste of time. Fed. R. Evid. 403.

I asked the defendants if there were any specific portions of footage that they sought to introduce. Neither defense attorney made such a proffer.

**II.    Discussion**

A.     Relevant Evidence and Rules 401 and 402

Evidence is relevant if it "has tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. *See generally, e.g.*, *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997).

Much of the footage captured by the inspectors' surveillance, including footage of the back of the Clarkes' house, their swimming pool and yard and footage of Patricia Clarke at rest, was not relevant to any factual issue in the case. Thus, those portions were irrelevant and not admissible under Rules 401 and 402.

B.     Waste of Time or Cumulative Evidence and Rules 403 and 611(a)

Certain portions of the surveillance videotapes, which were not introduced, may have been relevant to a factual issue in the case. Nevertheless, I excluded the footage – offered by the defendants only in its entirety – as extremely cumulative and a waste of time, relying on Rule 403 and my duty to control the presentation of evidence under Rule 611(a).

Evidence that is relevant may be excluded in certain circumstances. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

"Even in the context of a jury trial, the court has considerable discretion . . . to prevent delay or avoid cumulative evidence." *United States v. Gomez*, 846 F.2d 557, 559 (9th Cir. 1988). *See also United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) ("We accord trial

judges considerable discretion in balancing the Rule 403 factors."); *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 10, 14-15 (D. Conn. 1977) (citing Rule 403 and imposing *sua sponte*, months into trial, a time limit after plaintiff failed to keep its case-in-chief within high end of estimate). *Cf. United States v. Jamil*, 707 F.2d 638, 643-44 (2d Cir. 1983) (pre-trial exclusion of twenty-minute tape recording under Rule 403, in part on grounds of its cumulative nature and the waste of time, was an abuse of discretion in trial estimated to last at least three weeks).

A complement to Rule 403, Rule 611(a) requires the trial court to control the mode and presentation of evidence, providing in pertinent part:

> The court *shall exercise reasonable control* over the mode and order of . . . presenting evidence so as to (1) make the . . . presentation effective for the ascertainment of the truth [and] (2) avoid needless consumption of time . . . .

Fed. R. Evid. 611(a) (emphasis added).

Although Rule 611(a) does not provide independent grounds for excluding a piece of evidence, it "affords the court great discretion in regulating the use of real and demonstrative evidence." 28 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6164 (1993 & Supp. 2005). *See generally United States v. Colomb*, 2005 U.S. App. LEXIS 15032, *13-*23 (5th Cir. July 22, 2005) (discussing interplay of Rules 403 and 611 and holding that Rule 611(a) did not authorize trial court to exclude facially-relevant and admissible evidence without considering its content); Fed. R. Evid. 611 advisory committee's note.

To the extent that certain portions of the footage may have been relevant,[2] I excluded the

---

[2] I refer to portions that "may have been relevant," because the defendants did not, in fact, offer any specific portions of video footage. Such a proffer would have permitted me to determine on an individualized basis whether the particular portion of video was relevant to an issue in the case. *Cf. Secretary of Labor v. DeSisto*, 929 F.2d 789, 795 (1st Cir. 1991) (discussing Rule 403 and noting its requirement that judge balance "probative value against the

thirty to seventy hours of videotape, which the defendants offered only in their entirety, based on Rule 403 in conjunction with Rule 611(a). Admitting scores of hours of footage of Patricia Clarke engaged in active or leisure activities or at rest would have been a waste of time and a needless presentation of cumulative, if arguably relevant, evidence. Fed. R. Evid. 403.

    C.    <u>Purpose of Objections, Role of the Court and Rule 103</u>

James Clarke argued, in essence, that the court overstepped its authority by excluding the videotapes from evidence in their entirety when none of the parties objected to their admissibility. The defendant misperceived the role of the court and the effect and purpose of a party's objections.[3]

With respect to an erroneous ruling, Rule 103(a) provides:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> > (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
> >
> > (2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Fed. R. Evid. 103(a)(1)-(2).

---

negative consequences of using a particular piece of evidence"); *SCM Corp.*, 77 F.R.D. at 9-10 (recognizing that Rule 403 "normally contemplates that the time-consuming nature of evidence will be determined as to each particular item of evidence offered").

    [3] I note that, in general, the court permits the parties to litigate their cases as they see fit and will not interject on its own motion. *See United States v. Stavroff*, 149 F.3d 478, 481-82 (6th Cir. 1998) (criticizing trial court's interference when government elected not to object to cross-examination). The circumstances of this particular case are an exception and illustrate the court's duty to prevent the admission of irrelevant, time-wasting, or cumulative evidence.

The purpose of an objection is twofold: (1) to alert the trial judge of a party's claim of error in order to give the court and opposing counsel an opportunity for correction, and (2) to preserve any claim of error on appeal. *See generally* Fed. R. Evid. 103 advisory committee's notes; 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 103.02[2] (Joseph M. McLaughlin, ed., 2d ed. 1997 & Supp. 2005).

An objection is not, however, a precondition to the exclusion of evidence. Even though a party's opponent may not object to the admission of evidence, "[i]t is not only the trial judge's right but his duty to see that only proper and relevant evidence [is] admitted." *Weaver v. United States*, 374 F.2d 878, 882 (5th Cir. 1967) (affirming trial court that had prevented a witness from answering a question that was neither proper nor relevant even though the government had made no objection). *But cf. Stavroff*, 149 F.3d at 481-82 (disapproving of trial court, *sua sponte*, barring defense counsel's question to government witness when government did not object). Subdivision (d) of Rule 103 specifically provides that the court has authority, on its own motion, to take notice of plain errors even though no party has objected. Fed. R. Evid. 103(d); *see also* 1 Weinstein & Berger, *supra*, at § 103.02[1].

In *Noel Shows, Inc. v. United States*, the Eleventh Circuit considered a trial judge's exclusion of evidence under Rule 403. 721 F.2d 327 (11th Cir. 1983). Prior to trial, the parties had stipulated to the admission of certain evidence, including a particular patent. *Id.* at 329. The trial judge excluded the patent under Rule 403, finding that its probative value was minimal and that its admission was likely to confuse the central issue in the case. *Id.* at 229-30. The court of appeals affirmed the ruling and noted that the parties' stipulation to the admission of the patent did not affect the result. "The question of whether evidence should be admitted is a matter of

law for the trial court to determine, and that determination is not restricted by the stipulation of the parties." *Id.* (citation omitted). *See also Pickett v. Lindsay*, 56 Fed. Appx. 718, 723 (7th Cir. 2002) (unpublished decision) ("Regardless of the parties' stipulations, trial courts are free to exclude, *sua sponte*, inadmissible evidence."); *United States v. Reaves*, 636 F. Supp. 1575, 1579 (E.D. Ky. 1986) ("Courts cannot rely on the attorneys to object to needless consumption of time by adversaries"); 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5224 (1978 & Supp. 2005) (reasoning that trial courts may exclude evidence under Rule 403 without request).

### III. Conclusion

Although both the government and the defendants sought to admit the thirty to seventy hours of surveillance videotapes, I excluded the footage that was offered in its entirety. In large part, the videos were not relevant to any factual issues in the case and, thus, inadmissible under Rules 401 and 402. To the extent certain portions may have been relevant, admitting the videotapes in their entirety was inappropriate under Rule 403: the many hours of videotape were cumulative in nature and viewing them in their entirety would have been a waste of time. That the government and defendants were in agreement over the admissibility of the videotapes does not affect the court's authority to exclude them.

Dated at Bridgeport, Connecticut, this 19th day of September 2005.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge